**Mark A. Miller, 9563**
mmiller@hollandhart.com
**Bryan G. Pratt, 9924**
bgpratt@hollandhart.com
**Brett L. Foster, 6089**
bfoster@hollandhart.com
HOLLAND & HART LLP
60 East South Temple, Suite 2000
Salt Lake City, UT 84111-1031
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **1-800 CONTACTS, INC.**, a Delaware corporation;<br><br>Plaintiff,<br><br>vs.<br><br>**CONTACT LENS KING, INC.**, a Nevada corporation,<br><br>Defendant. | **COMPLAINT**<br><br>Case No. 2:10-cv-205<br><br>Judge Dale A. Kimball<br><br>**(JURY DEMAND)** |

Plaintiff 1-800 Contacts, Inc. ("1-800 Contacts" or "Plaintiff"), by and through counsel, alleges and complains against Defendant Contact Lens King, Inc., ("Defendant") as follows:

### JURISDICTION AND VENUE

1. This is an action for trademark infringement and unfair competition under §§ 32 and 43 of the Lanham Act (a.k.a. Trademark Act of 1946, 15 U.S.C. §§ 1051-1127, as amended), and state law infringement and false advertising claims.

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 15 U.S.C. § 1121 (trademarks). This

Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), because those claims arise from the common nucleus of operative facts alleged in Plaintiff's federal claims.

3.  This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has transacted business in Utah and has caused damage to Plaintiff in Utah. Defendant has purposefully availed itself of the privilege of transacting business in this District by, *inter alia*, advertising its contact lens products via the Internet in this District, offering an interactive website www.contactlensking.com accessible to consumers throughout the country, including in this District, which permits the consumer to create an account and order contact lenses to be shipped to the consumer in this District.  Defendant has used Plaintiff's trademarks in connection with its Internet advertising, including in this District, without the authorization or consent of Plaintiff.

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because there is personal jurisdiction over Defendant, and because a substantial part of Defendant's acts and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

5.  Plaintiff 1-800 Contacts, Inc. is a Delaware corporation having its principal place of business at 66 East Wadsworth Park Drive, Draper, Utah 84020.  Plaintiff is engaged in retail sales of contact lenses, including marketing and selling contact lenses via the Internet.

6.  Upon information and belief, Defendant is a New York corporation having a place of business at 2921 Erie Blvd. East, Syracuse, New York 13224.  Upon information and belief, Defendant is also engaged in retail sales of contact lenses, including marketing and selling contact lenses via the Internet in direct competition with Plaintiff.

7. Upon information and belief, Defendant owns and operates the website www.contactlensking.com, and possibly others, relating to its business of offering and selling contact lenses and vision-related products.

**GENERAL ALLEGATIONS**

8. For over a decade, Plaintiff has been, and continues to be, engaged in the business of advertising, offering for sale, selling and distributing contact lenses and eye care products via telephone, fax, Internet, and mail orders (the "Goods and Services"). 1-800 Contacts is the market leader, having filled over ten million orders for millions customers. Plaintiff's contact lens and eye care products can be ordered via the Internet at Plaintiff's website: www.1800contacts.com.

9. Plaintiff owns common law and federally registered trademark rights in the marks 1-800 CONTACTS, 1800 CONTACTS (U.S. Registration No. 2,731,114) and 1800CONTACTS (U.S. Registration No. 2,675,866) (the "1-800 Contacts marks").

10. Since at least as early as 1995, Plaintiff has advertised and offered its Goods and Services using one or more of the 1-800 Contacts marks in interstate commerce throughout the United States. The 1-800 Contacts marks have been used extensively in advertising and promotional media, including the Internet, radio, television, trade shows, various printed media, and direct mail.

11. Plaintiff has expended hundreds of millions of dollars advertising and marketing its Goods and Services using the 1-800 Contacts marks over many years. As a result, the 1-800 Contacts marks and Goods and Services have achieved significant commercial success and widespread consumer fame and recognition. In addition, the consuming public has come to

regard the 1-800 Contacts marks as symbols of Plaintiff, of Plaintiff's quality Goods and Services, and of Plaintiff's goodwill as the leader in the retail contact lens industry.

12. Like Plaintiff, Defendant advertises and offers contact lenses over the Internet through its www.contactlensking.com website in direct competition with Plaintiff. Defendant does so via keyword advertising campaigns through various search engines such as, for example, Google, Yahoo, Ask, AOL, and Bing.

13. On information and belief, Defendant is aware of the strong consumer recognition enjoyed by the 1-800 Contacts marks and the significant goodwill Plaintiff has created in those marks.

14. In order to trade off of Plaintiff's goodwill and capitalize on the fame and recognition of the 1-800 Contacts marks, Defendant has purchased, continues to purchase, and has caused to be purchased, the 1-800 Contacts marks and/or confusingly similar variations or misspellings thereof as keywords that trigger the display of sponsored advertisements for Defendant's competitive goods and services.

15. On information and belief, the keyword advertising programs offered by the various search engines give control to the user, such as Defendant, to (a) select the keywords it wishes to purchase to trigger its sponsored advertisements, and (b) implement "negative keywords" that will ensure such advertisements are not triggered in response to a search for such negative keywords.

16. On information and belief, Defendant is aware of the control it has over the keyword advertising programs offered by the various search engines with respect to Defendant's advertisements. In particular, Defendant is aware that it can easily implement the 1-800 Contacts marks and confusingly similar variations or misspellings thereof as "negative keywords" in its

Internet advertising campaigns to ensure that Defendant's directly competitive advertisements are not displayed in response to a consumer searching for Plaintiff and/or Plaintiff's Goods and Services.

17. Notwithstanding the foregoing, Defendant has not sufficiently implemented the 1-800 Contacts marks (and confusingly similar variations or misspellings thereof) as negative keywords, but has instead voluntarily and consciously participated in causing its competitive advertisements to be displayed in response to consumers searching for the 1-800 Contacts marks and Plaintiff's Goods and Services.

18. Defendant's unauthorized use of the 1-800 Contacts marks as keywords in its Internet advertising campaigns and Defendant's participation in causing its sponsored advertisements to be displayed in response to searches for Plaintiff and Plaintiff's Goods and Services has caused, and will continue to cause, confusion and mistake, including initial interest confusion, as to the source or origin of Defendant's goods and services and is likely to falsely suggest a sponsorship, connection, license, endorsement or association by Plaintiff with Defendant's goods and services, thereby injuring Plaintiff and the consuming public.

19. Defendant's actions also unjustly enrich Defendant by wrongfully directing consumers searching for Plaintiff and Plaintiff's Goods and Services on the Internet to Defendant's competitive website where such consumers purchase contact lenses from Defendant rather than Plaintiff.

20. Despite Plaintiff repeatedly providing Defendant with notice of its infringing activities, Defendant's actions of infringement have not ceased.

## CAUSES OF ACTION

### COUNT I
**(TRADEMARK INFRINGEMENT UNDER SECTION 43(a) OF THE LANHAM ACT – 35 U.S.C. § 1125)**

21. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

22. Defendant's acts as alleged herein with respect to its infringement of Plaintiff's marks are likely to cause public confusion, mistake, or deception as to the affiliation, connection, or association of Plaintiff with Defendant. Defendant's acts are also likely to cause public confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff. Accordingly, Defendant's acts constitute trademark infringement in violation of 15 U.S.C. § 1125(a).

23. To the extent Defendant utilizes affiliates to conduct keyword advertising on its behalf, Defendant is secondarily liable for the infringing acts of its affiliates that likewise purchase the 1-800 Contacts marks and confusingly similar variations or misspellings thereof as keywords (and fail to implement corresponding negative keywords) in order to display advertisements for Defendant's competitive goods and services in response to searches for Plaintiff and Plaintiff's Goods and Services.

24. Plaintiff has been and will continue to be damaged by such wrongful acts.

25. Because Defendant's actions, on information and belief, were intentional, willful and/or deliberate, Plaintiff is entitled to an award of treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

26. This is an exceptional case, and thus Plaintiff is entitled to an award of attorneys' fees under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

27. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief and monetary damages against Defendant.

**COUNT II**
**(TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT – 35 U.S.C. § 1114)**

6

28.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

29.     Defendant's acts as alleged herein with respect to its infringement of Plaintiff's marks are likely to cause public confusion, mistake, or deception and, therefore, constitute trademark infringement in violation of 15 U.S.C. § 1114.

30.     To the extent Defendant utilizes affiliates to conduct keyword advertising on its behalf, Defendant is secondarily liable for the infringing acts of its affiliates that likewise purchase the 1-800 Contacts marks and confusingly similar variations or misspellings thereof as keywords (and fail to implement corresponding negative keywords) in order to display advertisements for Defendant's competitive goods and services in response to searches for Plaintiff and Plaintiff's Goods and Services.

31.     Plaintiff has been and will continue to be damaged by such wrongful acts.

32.     Because Defendant's actions, on information and belief, were intentional, willful and/or deliberate, Plaintiff is entitled to an award of treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

33.     This is an exceptional case, and thus Plaintiff is entitled to an award of attorneys' fees under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

34.     By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief and monetary damages against Defendant.

### COUNT III
**(CONTRIBUTORY TRADEMARK INFRINGEMENT UNDER SECTIONS 43(A) AND 32 OF THE LANHAM ACT)**

35.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

36.     On information and belief, the search engines through which Defendant conducts its advertising use the 1-800 Contacts marks in order to display Defendant's competitive

advertisements and links to Defendant's competitive websites. Such use is a use in commerce in connection with the advertisement of Defendant's competitive goods and services which is likely to cause public confusion, mistake, or deception as to the affiliation, connection, or association of Plaintiff with Defendant. Such use is also likely to cause public confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff. Accordingly, the search engines' acts constitute trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

37. Defendant's actions as alleged above, and particularly Defendant's failure to implement appropriate negative keywords in connection with its internet advertising campaigns through the search engines to ensure that Defendant's advertisements and/or links to Defendant's competitive websites are not displayed in response to or as a result of a search for Plaintiff's trademarks and/or Goods and Services, demonstrate a willful blindness to the infringement of the 1-800 Contacts marks and the consumer confusion being caused by its participation in its internet advertising campaigns. Such actions constitute contributory infringement, whether or not Defendant affirmatively purchases any of Plaintiff's trademarks as keywords.

38. Plaintiff has been and will continue to be damaged by such wrongful acts.

39. Plaintiff is, therefore, entitled to all damages and relief set forth under Counts I and II above due to Defendant's contributory trademark infringement.

### COUNT IV
(COMMON LAW UNFAIR COMPETITION, MISAPPROPRIATION, AND TRADEMARK INFRINGEMENT – UTAH UNFAIR COMPETITION ACT, UTAH CODE ANN. §13-5a-101 *et. seq.*)

40. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

41. The 1-800 Contacts marks are distinctive of Plaintiff's Goods and Services and of Plaintiff as the source for those Goods and Services.

42. Defendant's actions, as alleged above, were intentional business acts that infringe and diminish the value of Plaintiff's trademark rights under federal common law and Utah common law and, therefore, constitute acts of unfair competition under Utah Code Ann. §13-5a-102(4)(a).

43. By reason of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendant.

44. The infringing activities of Defendant, on information and belief, are willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT V
### (UNJUST ENRICHMENT)

45. Plaintiff realleges and incorporates by this reference all of the foregoing paragraphs.

46. Defendant has benefited from the improper, unfair, and unauthorized use of the 1-800 Contacts marks in its Internet advertising and its unauthorized trading off of Plaintiff's goodwill attendant thereto, as alleged above.

47. Defendant has knowledge and fully appreciates the benefits it has received from Plaintiff's trademark rights, consumer recognition, and goodwill as a result of such actions.

48. Defendant would be unjustly enriched if it were permitted to retain the proceeds obtained from such actions.

49. Equity and good conscience dictate that Defendant be required to account for and turn over to Plaintiff an amount equal to the value of the benefits involuntarily conferred upon it.

4747559_1.DOC

**JURY DEMAND**

Plaintiff demands that all claims and causes of action raised in this complaint against Defendant be tried to a jury to the fullest extent possible under the United States and Utah Constitutions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. Preliminarily and permanently enjoining Defendant, its affiliates, and all other persons participating or acting in concert with it, from infringing any of Plaintiff's rights in the 1-800 Contacts marks.

B. Preliminarily and permanently enjoining Defendant, its affiliates, and all other persons participating or acting in concert with it, from purchasing or using the 1-800 Contacts marks or any marks confusingly similar to the 1-800 Contacts marks as keywords in Internet search engine advertising programs and from otherwise using such marks in any manner that is likely to cause confusion or mistake as to whether Defendant and its goods and services are authorized by, affiliated with, sponsored by, or endorsed by Plaintiff;

C. Ordering Defendant, its affiliates, and all other persons participating or acting in concert with it to implement the 1-800 Contacts marks and all confusingly similar variations and misspelling thereof as negative keywords in all of their search engine advertising campaigns;

D. Ordering Defendant to provide an accounting of all revenues and profits gained by Defendant while engaging in the acts complained of in this complaint;

E. Ordering Defendant to promulgate corrective advertising pursuant to Utah Code Ann. § 13-11a-4(3);

F.	Awarding Plaintiff its actual damages, and awarding Plaintiff any additional damages that the Court deems just and equitable under the circumstances of the case; but in no case less than the statutory damages mandated under Utah Code Ann. § 13-11a-4(2)(b);

G.	Awarding Plaintiff, at its election, either treble or statutory damages in accordance with § 35 of the Lanham Act (15 U.S.C. § 1117) on all claims asserted under § 43 of the Lanham Act (15 U.S.C. § 1125);

H.	Awarding Plaintiff damages to which it is entitled based upon Defendant's unjust enrichment;

I.	Awarding Plaintiff prejudgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of the Complaint through the date of judgment;

J.	Awarding Plaintiff its allowable costs and attorneys fees; and

K.	Awarding Plaintiff such other and/or further relief as is just and equitable.

DATED this 8th day of March, 2010.

Respectfully submitted,

/s/  Mark A. Miller  
Mark A. Miller (9563)  
Bryan G. Pratt (9924)  
Brett L. Foster (6089)

Plaintiff's Address:  
66 East Wadsworth Park Drive  
Draper, Utah 84020